# Court of Appeals
# of the State of Georgia

ATLANTA, August 13, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1531. GARY D. JAMES v. CMC REAL ESTATE GROUP, LLC.

In October 2023, CMC Real Estate Group, LLC ("CMC"), brought this action in magistrate court against Gary James seeking a writ of possession for premises leased to James and payment of rent due under that lease. James answered, denied owing rent, and raised counterclaims seeking $100,000 in damages from CMC. As James' counterclaims were outside of the jurisdictional limit of the magistrate court, the case was transferred to the state court in June 2024. In February 2026, the state court entered an order concluding that a previously issued writ of possession was valid and enforceable. CMC applied for another writ of possession in March 2026, and the state court scheduled a hearing on the application. James appeals the state court's orders and CMC's application for a writ of possession. We, however, lack jurisdiction.

Pretermitting whether either state court order or CMC's application for a writ of possession are otherwise appealable, "[a]s a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below." *Hunt v. Callahan*, 353 Ga. App. 488(2) (838 SE2d 133) (2020). See OCGA § 5-6-34(a)(1). Here, the record contains no indication that the trial court has adjudicated CMC's claim for rent or James' counterclaims. Because the case is still pending, James was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34(b) — including obtaining a certificate of immediate review — in order to obtain appellate review at this juncture. See *City of Snellville v. Snellville Beverage Store*, 375 Ga. App. 690, 692–93 (917 SE2d 360) (2025) ("[I]n regards to an interlocutory appeal, our Supreme Court has explained that the right of appeal is not absolute, but is one based

upon the conditions imposed by the General Assembly for bringing cases to the appellate courts.") (punctuation omitted).

Compliance with the appropriate appellate procedure is jurisdictional. See *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257 (471 SE2d 60) (1996). Because James has failed to comply with the interlocutory appeal procedure, we lack jurisdiction over this appeal. Accordingly, this appeal is hereby DISMISSED.[1] James' motion for reconsideration of this Court's order denying his untimely request for oral argument is DENIED as moot.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/13/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We note that James' brief is replete with fictitious authority, with all the hallmarks of the misuse of generative AI. Although James is pro se, he nonetheless is required to follow the rules of this Court and cite to appropriate authority. See *Modi v. India-Am. Cultural Ass'n*, 367 Ga. App. 572, 574(2) (886 SE2d 378) (2023) ("Although [James] is proceeding pro se, he is not relieved of his obligation to conform to this Court's rules.") (punctuation omitted). We caution James that any future filings in this Court containing fictitious authority, or any other violation of this Court's rules, may, and likely will, result in the imposition of sanctions against him. See *Washington v. Washington*, A26A0506, slip op. at 1 n. 1 (Ga. App. June 4, 2026); see also Court App. R. 7(e)(2) ("The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $10,000 against any party and/or a party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, or motion that is determined to be frivolous.").